# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHAUN ROSIERE,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

Case No.: 2:16-cv-02286-GMN-PAL

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 42), filed by Defendant United States of America ("Defendant"). Plaintiff Shaun Rosiere[1] ("Plaintiff") filed a Response, (ECF No. 54), and Plaintiff filed a Reply, (ECF No. 62). For the reasons discussed below, the Court GRANTS Defendant's Motion.

**I.  BACKGROUND**

Plaintiff's Complaint, (ECF No. 1), is one of several nearly identical requests under the Freedom of Information Act ("FOIA"). Over the span of approximately fourteen months, Plaintiff has filed nine cases involving these FOIA requests in seven federal districts.[2] Almost all of Plaintiff's FOIA requests relate to two criminal cases against him in the District of New

---

[1] In light of Plaintiff's status as a pro se litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] *See Rosiere v. United States*, 2:15-cv-02187 (D. Nev.) (filed Nov. 16, 2015) (dismissed as "frivolous and malicious"); *Rosiere v. United States*, 3:16-cv-00341-BRM-TJB (D.N.J.) (filed Jan. 19, 2016) (pending); *Rosiere v. United States*, 1:16-cv-00143-LTB (D. Colo.) (filed Jan. 19, 2016) (dismissed as duplicative); *Rosiere v. United States*, 1:16-cv-00260 (D. Haw.) (filed May 23, 2016) (dismissed for improper venue); *Rosiere v. United States*, 3:16-cv-00905-HZ (D. Or.) (filed May 23, 2016) (same); *Rosiere v. United States*, 2:16-cv-03571-DSF-GJS (C.D. Cal.) (filed May 23, 2016) (dismissed for improper venue and duplicative claims); *Rosiere v. United States*, 1:16-cv-01251-LTB (D. Colo.) (filed May 23, 2016) (dismissed as duplicative); *Rosiere v. United States*, 2:16-cv-02286-GMN-PAL (D. Nev.) (filed May 23, 2016) (instant case) (transferred from Northern District of California); *Rosiere v. United States*, 2:17-cv-00144-JAD-PAL (D. Nev.) (filed Jan. 13, 2017) (pending).

Jersey, a civil forfeiture case in the District of Colorado involving Plaintiff and corporations apparently affiliated with him, and Plaintiff's incarceration in Colorado. (*See, e.g.*, Compl.).

Plaintiff initiated this case in the Northern District of California on May 23, 2016. (*See id.*). Shortly thereafter, Plaintiff's request to proceed *in forma pauperis* ("IFP") was granted. (*See* Am. Order, ECF No. 6). On September 27, 2016, United States Magistrate Judge Laurel Beeler of the Northern District of California transferred the case to this Court. (*See* Order, ECF No. 33). In the instant Motion, Defendant seeks to dismiss Plaintiff's Complaint as malicious.

## II. LEGAL STANDARD

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for determining whether a plaintiff fails to state a claim upon which relief can be granted under § 1915 is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

## III. DISCUSSION

Defendant argues that Plaintiff's filing of identical and duplicative litigation in multiple federal courts qualifies this case as a "malicious" action under 28 U.S.C. § 1915(e)(2)(B)(i). The Court notes that a majority of the related cases filed by Plaintiff have been dismissed for improper venue or as frivolous and duplicative. Indeed, the Tenth Circuit has twice affirmed dismissal of actions filed by Plaintiff. *See Rosiere v. United States*, 650 F. App'x 593, 595 (10th Cir. 2016) (affirming dismissal by district court that "correctly concluded [Plaintiff's] complaint was 'materially on all fours' with the complaints he filed in the Districts of Nevada and New Jersey"); *Rosiere v. United States*, No. 16-1313, 2016 WL 7367768, at *3 (10th Cir. Dec. 20, 2016) ("The district court did not abuse its discretion in finding that [Plaintiff's] litigation activity was malicious.").

Likewise, Judge Andrew P. Gordon dismissed a similar complaint also filed by Plaintiff in this District, which Plaintiff then appealed to the Ninth Circuit. *See Rosiere v. United States*, 2:15-cv-02187 (D. Nev.) (filed Nov. 16, 2015). The Ninth Circuit dismissed this appeal as frivolous. *See Rosiere v. United States*, No. 17-15103 (9th Cir. April 28, 2017). The Court

agrees that the nearly identical Complaint filed in this case regarding the same FOIA requests is frivolous and malicious.  Dismissal with prejudice is therefore appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 42), is **GRANTED**.  Plaintiff's Complaint, (ECF No. 1), is **DISMISSED with prejudice**.

**DATED** this __9__ day of May, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge