# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHAUN ROSIERE,  )
                )
    Plaintiff,  )    Case No.: 2:16-cv-02286-GMN-PAL
vs.             )
                )    **ORDER**
UNITED STATES OF AMERICA,  )
                )
    Defendant.  )
                )

Pending before the Court is a Motion to Reconsider, (ECF No. 70), and a Motion to Amend Judgment, (ECF No. 71), filed by pro se Plaintiff Shaun Rosiere ("Plaintiff"). Defendant United States of America ("Defendant") filed Responses, (ECF Nos. 80, 81), and Plaintiff filed Replies, (ECF Nos. 82, 83). For the reasons discussed below, Plaintiff's Motion to Reconsider and Motion to Amend Judgement is **DENIED**.

## I. BACKGROUND

This case concerns Plaintiff's claims brought under the Freedom of Information Act ("FOIA"). (*See* Compl., ECF No. 1). Plaintiff's FOIA requests were made in regard to two criminal cases against him in the District of New Jersey, a civil forfeiture case in the District of Colorado, and Plaintiff's incarceration in Colorado. (*Id.*). Over the span of approximately fourteen months, Plaintiff has filed nine cases involving these FOIA requests in seven federal districts. Based on these duplicative filings, the Court found that the Complaint filed in this case was frivolous and malicious. Accordingly, on May 9, 2017, the Court ordered Plaintiff's Complaint dismissed with prejudice. (ECF No. 68). Plaintiff now seeks to have the Court reconsider the Order dismissing the Complaint, and alter or amend the Clerk's Judgement. (ECF Nos. 68, 69).

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). However, a motion for reconsideration is not a mechanism for rearguing issues presented in the original filings, *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985), or "advancing theories of the case that could have been presented earlier, *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted). Thus, Rule 59(e) and 60(b) and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

## III. DISCUSSION

In the instant motions, Plaintiff requests that the court reconsider its dismissal of Plaintiff's Complaint. Plaintiff is not seeking to present any newly discovered evidence or argue an intervening change in controlling law. Rather, Plaintiff argues that "[t]he [C]ourt errored [sic] in establishing a limit by an individual on [FOIA] requests; thus, causing disparity between Open Government Act of 2007, Sec. 2" and findings by Congress. (Mot. to Reconsider at 8, ECF No. 70).

Defendant argues that Plaintiff "fails to demonstrate the existence of clear error or any other criteria that would warrant reconsideration." (Resp. 2:20–21). The Court agrees. A motion for reconsideration should not be "used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (denial of a motion

for reconsideration is proper when Plaintiff "present[s] no arguments that [have] not already been raised.").

Plaintiff fails to address the grounds in the Court's Order to Dismiss Plaintiff's Complaint with prejudice. In effect, Plaintiff is rearguing issues already presented and does not provide any unusual circumstances that would justify granting the Motion to Reconsider. The Court finds neither clear error nor manifest injustice in the reasoning of its pervious Order, and therefore, the criteria for reconsideration have not been met.

**IV.     CONCLUSION**

**IT IS HEREBY ORDERED** that the Plaintiff's Motion to Reconsider, (ECF No. 70), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Alter/Amend the Clerk's Judgement, (ECF No. 71), is **DENIED**.

**DATED** this __30__ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge